In the Matter of the Claim of JAMES PORTOLANO, Respondent, against G. A. ALBANO COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from an award for disability suffered by the decedent prior to her death and of benefits arising out of her death. The employer was engaged in the business of manufacturing women's dresses and the decedent was employed by the employer as a piece-worker in her own home. The board found that, while operating a sewing machine in the regular course of her employment, the decedent hit her right leg on the machine and sustained thereby accidental injuries in the nature of a thrombophlebitis of the lower right leg which contributed to her death about eight weeks later. This finding is supported by substantial evidence. The decedent's husband testified that she had told him that she had injured her leg on the sewing machine. A physician testified that upon his first visit to the decedent she informed him that, about one week before, she had struck her foot against the sewing machine. Statements of a deceased employee are admissible in evidence and, if corroborated by circumstances or other evidence, are sufficient to establish the accident and the injury (Workmen's Compensation Law, § 118). Corroboration of the decedent's hearsay declarations is found from the surrounding circumstances and in the testimony of the attending physician that the thrombophlebitis developed in the area of the leg which the decedent said she struck. (*Matter of Carney* v. *General Cable Corp.*, 303 N. Y. 885.) The medical evidence is sufficient to establish a causal relationship between the accident which the decedent sustained and her death. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.